## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- x

|                              |   |                                        |
|------------------------------|---|----------------------------------------|
| In re                        | : | **Chapter 11**                         |
|                              | : |                                        |
| **PARAGON OFFSHORE PLC**     | : | **Case No. 16–10386 (CSS)**            |
|                              | : |                                        |
|                              | : | **Re: D.I. 2054**                      |
| **Debtor.**[1]               | : |                                        |

-------------------------------------------------------- x     **Hearing Date: January 30, 2018 at 10:00 a.m. (ET)**

### DEBTOR'S REPLY TO THE OBJECTION OF MICHAEL R. HAMMERSLEY TO THE DEBTOR'S MOTION FOR SANCTIONS

Paragon Offshore plc ("**Paragon Parent**" and the "**Debtor**") hereby files this (the "**Reply**") in support of *Debtor's Motion for Sanctions Against Michael R. Hammersley* [D.I. 2048] (the "**Sanctions Motion**") and in response to the *Objection of Michael R. Hammersley to the Debtors' Motion For Sanctions* (the "**Objection**") [D.I. 2054], and respectfully states as follows:

1.     Mr. Hammersley's continuing actions demonstrate that an order restricting Mr. Hammersley's ability to file pleadings in this case and the Prospector Cases is necessary to avoid a further waste of judicial and estate resources.   While the Debtor appreciates Mr. Hammersley's representation that he does not intend to file any additional motions in the Paragon cases (other than a Motion for Stay Pending Appeal of the Order denying the Motion to Revoke and a Notice of Appeal of the Order denying the Motion to Revoke), Mr. Hammersley makes clear that "this compromise does not include a limitation on filing additional proceedings in Bankr. Case No. 17-11572 . . . as the matter regarding Prospector is still undecided and

---

[1] The Debtor in this case, along with the last four digits of the debtor's federal tax identification number is Paragon Offshore plc (in administration) (6017). The Debtor's mailing address is 3151 Briarpark Drive, Suite 700, Houston, Texas 77042.  Neville Barry Kahn and David Philip Soden, each of Deloitte LLP, are the joint administrators of Paragon Offshore plc (in administration) (the "**Joint Administrators**").  The affairs, business and property of Paragon Offshore plc (in administration) are managed by the Joint Administrators.

additional proceedings may become necessary depending on the manner that Bankr. Case No.

17-11572 continues." *See* Objection at 6.

2.    Mr. Hammersley's conduct throughout this case and the Prospector cases

demonstrates that he is unwilling to accept the Court's prior rulings, particularly the Court's

ruling at the January 10, 2018 hearing on the Motion to Revoke (the "**Revocation Hearing**")

that Mr. Hammersley's "redress is not to continue to pursue litigation [in this Court], over and

over and over again" and that "[the Court is] going to put a stop to it."[2]    In denying Mr.

Hammersley's Motion to Revoke, the Court found that although "couched" under a different

provision of the Bankruptcy Code (*i.e.* 1144), the Motion to Revoke raised many of the same

arguments the Court has already addressed.[3]    The Court further noted that it had previously

warned Mr. Hammersley at the November 30, 2017 hearing that "continuing to pursue the same

arguments over and over again might lead to consequences" and, shortly thereafter, Mr.

Hammersley filed a motion that was, for the most part, "repetitive."[4]

3.    Although couched as a violation of his rights under the First Amendment,

Mr. Hammersley asserts that an order enjoining him from future filings violates his

constitutional right to access to the courts.    *See* Objection at 26-27.    The requested relief,

however, does not deprive Mr. Hammersley of his right to access to the courts because the

proposed order, in relevant part, enjoins Mr. Hammersley from filing "any complaint, motion,

objection, pleading, or notice of appeal in the above captioned case or the Prospector Cases . . .

*without having obtained, express permission*" from the Court.[5]    *See Matter of Packer Ave.*

*Assocs.*, 884 F.2d 745, 749 (3d Cir. 1989) (holding that order providing that litigant may not file

---

[2] January 10, 2018 Hr'g Tr. at 30:15-17.

[3] *Id*. at 29:10-11.

[4] *Id*. at 29:20-25.

[5] *See* Sanctions Motion at 24-25.

any action dealing with resolved issues without leave of court did not violate litigant's constitutional right of access to the courts).  As noted in the Sanctions Motion, courts have issued orders restricting the activity of *pro se* litigants, where, as here, their actions result in a waste of estate and judicial resources.[6]

4.    Without foreclosing any additional relief the Court may find just and appropriate, as an alternative to enjoining Mr. Hammersley from future filings without prior leave of Court, the Debtor requests that the Court consider entry of an order, similar to the one issued in *Energy Future Holdings Corp.*[7]  Here, in the absence of an order restricting Mr. Hammersley's ability to file pleadings in this case and the Prospector Cases, the Debtor in this case and/or the Debtors in the Prospector Cases will likely incur needless expenses defending issues that have already been decided by this Court.

---

[6] *See In re Dizinno*, 559 B.R. 400, 415 (Bankr. M.D. Pa. 2016) (ordering that *pro se* creditor may not file any further pleadings in the bankruptcy case that attempt to assert a cause of action to except creditor's claim from discharge or to deny Debtor's discharge, without first obtaining leave of Court); *Lehman Brothers Holdings, Inc. et al.*, Case No. 13-13555 (SCC) (S.D.N.Y. 2016) (enjoining *pro se* litigant from filing any complaint, motion, objection, pleading, or notice of appeal without prior court approval); *Deep v. Danaher*, 393 B.R. 51, 54–55 (N.D.N.Y. 2008) (holding that, pursuant to a bankruptcy court's discretionary authority under section 105(a) of the Bankruptcy Code, bankruptcy courts could enjoin future filings by a party absent leave of court).  In exercising this authority, "[a] history of litigation entailing 'vexation, harassment and needless expenses to [other parties]' and 'an unnecessary burden on the courts and their support personnel' is enough." *Martin-Trigona v. Lavien (In re Martin-Trigona)*, 737 F.2d 1254, 1262  (2d Cir. 1984) (quoting *Shuffman v. Hartford Textile Corp. (In re Hartford Textile Corp.)*, 681 F.2d 895, 897 (2d Cir. 1982)).

[7] *See Energy Future Holdings Corp., et al.*, Case No. 14-10979 (CSS) (Bankr. D. Del. Dec. 14, 2016) [D.I. 10387] (holding that (i) any further documents submitted to the Court by *pro se* litigant will be docketed but will not be considered nor acted upon by the Court and (ii) neither the Debtors nor any other party in interest are required to respond to any documents or notices filed by such litigant).

RLF1 18800988V.1

WHEREFORE the Debtor respectfully requests that the Court enter the Proposed Order, substantially in the form attached as **Exhibit A** to the Sanctions Motion, granting the relief requested in the Sanctions Motion, and ordering such other and further relief as is just and proper.

Dated: January 25, 2018
      Wilmington, Delaware

*/s/ Mark D. Collins*
RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Amanda R. Steele (No. 5530)
Joseph C. Barsalona II (No. 6102)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:   (302) 651-7701

-and-

WEIL, GOTSHAL & MANGES LLP
Gary T. Holtzer (admitted *pro hac vice*)
Stephen A. Youngman (admitted *pro hac vice*)
Alfredo R. Pérez (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

*Attorneys for the Debtor*

RLF1 18800988V.1