# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| PARAGON OFFSHORE PLC, et al., | Case No. 16-10386 (CSS) |
| Debtors. | **Ref. Docket No. 2231, 2241** |
| PARAGON LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>NOBLE CORPORATION PLC, NOBLE CORPORATION HOLDINGS LTD, NOBLE CORPORATION, NOBLE HOLDING INTERNATIONAL (LUXEMBOURG) S.à.r.l., NOBLE HOLDING INTERNATIONAL (LUXEMBOURG NHIL) S.à.r.l., NOBLE FDR HOLDINGS LIMITED, NOBLE HOLDING INTERNATIONAL LIMITED, NOBLE HOLDING (U.S.) LLC, NOBLE INTERNATIONAL FINANCE COMPANY, MICHAEL A. CAWLEY, JULIE H. EDWARDS, GORDON T. HALL, JON A. MARSHALL, JAMES A. MACLENNAN, MARY P. RICCIARDELLO, JULIE J. ROBERTSON, AND DAVID W. WILLIAMS,<br><br>Defendants. | Adv. Proc. No. 17-51882 (CSS) |

## PARAGON LITIGATION TRUST'S REPLY TO PARAGON'S RESPONSE TO U.S. TRUSTEE'S MOTION TO COMPEL FILING OF POST-CONFIRMATION QUARTERLY REPORTS AND PAYMENT OF STATUTORY FEES

The Paragon Litigation Trust (the "Trust") files this short reply to the response brief (D.I. 2241) filed by Paragon Offshore plc (in liquidation) ("Paragon") to the *Motion of the U.S. Trustee to Compel Filing of Post-Confirmation Quarterly Reports and Payment of Statutory Fees* (D.I. 2231) (the "Motion").

## BACKGROUND

1.      On May 27, 2021, the Trust filed its response to the Motion. A few days later, the hearing on the Motion was rescheduled to June 10, 2021 so that Paragon could file its own response brief, which it did on June 2, 2021. (D.I. 2241.) The Trust and Paragon agree that the Trust's settlement payment is not a disbursement under 28 U.S.C. § 1930 requiring payment of statutory fees. However, Paragon argues that if the Court finds "that the Trust's distribution triggers a payment under 28 U.S.C. § 1930," then "any fee due to the U.S. Trustee is a Litigation Trust Expense under section 4.3 of the Litigation Trust Agreement." (D.I. 2241 ¶ 15.) The Trust now briefly responds this new argument.

## ARGUMENT

2.      The narrow disagreement between the Trust and Paragon concerns who would be responsible for statutory fees if the Court rules that the Trust's payment of settlement proceeds to the Litigation Trust Beneficiaries qualifies as a section 1930 "disbursement." Paragon does not dispute that section 1930(a) by its own terms only imposes fees on the "parties commencing a case under title 11," and both the Plan and Confirmation Order state that "[a]ll fees payable under section 1930 of chapter 123 of title 28 of the United States Code shall be paid … by the Debtors or Reorganized Debtors." (*See* D.I. 2239 ¶¶ 21-24.) It does not address either point in its brief. Instead, Paragon argues that statutory fees could be among the "Litigation Trust Expenses" covered by Trust Assets under the Litigation Trust Agreement. That is wrong for three reasons.

3.      First, Paragon's argument conflicts with section 1930's plain language, which places the obligation to pay fees squarely on the "parties commencing a case"—*i.e.*, the Debtor. Paragon does not explain how it is not responsible for fees under this definition.

4.       Second, the Plan mandates the same result through its explicit command that "[a]ll fees payable under section 1930" "shall be paid" "by the Debtors or Reorganized Debtors."  (D.I. 1614, Ex. A § 12.5.)  Because the Plan is clear that fees are not the Trust's obligation, the Plan is fully consistent with the Litigation Trust Agreement.  Crediting Paragon's argument, however, would create a direct inconsistency between those documents by imposing conflicting requirements on the payment of section 1930 fees.  Such a reading should be avoided.  But even in that scenario, the Plan controls.  (D.I. 1593, Ex. E-1 § 10.14 ("If any provisions of this [Litigation Trust] Agreement are found to be inconsistent with provisions of the Plan, the provisions of the Plan shall control.").)

5.       Third, because section 1930 fees are Paragon's obligation under the statute and the Plan, they are not "obligations of the Litigation Trust as contemplated by this Agreement and as required by law."  (D.I. 1593, Ex. E-1 § 4.3(a).)  In any event, Paragon cannot use the general categories listed in the definition of "Litigation Trust Expenses" to shift mandatory statutory fees to the Trust.  Section 4.3 qualifies the definition of Litigation Trust Expenses as "reasonable and documented costs, expenses, and obligations" because it is meant to cover the typical costs incurred in litigating a claim or administering a trust like attorneys' fees, expert and consultant costs, filing costs, and other similar expenses that need receipts and vary in different markets.  (*Id.* § 4.3.)  The concept of "reasonable and documented costs" has no application to fees prescribed by Section 1930.  The Trust agrees that "the Litigation Trust Management shall have no power or authority to create any obligations or liabilities of the Debtors or Reorganized Debtors, as applicable, in respect of the prosecution, compromise, settlement, or defense of such Noble Claims."  (*Id.* § 6.1(c).)  But that only reinforces the point that its settlement payments are not

"disbursements" in the first place, not that the Debtors' responsibility for statutory fees or quarterly reports shifts to the Trust.

## CONCLUSION

6.      Accordingly, the Trust respectfully requests that the Court deny United States Trustee's motion.

Dated: June 4, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Timothy P. Cairns*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
ljones@pszjlaw.com
tcairns@pszjlaw.com

- and -

KIRKLAND & ELLIS LLP
David J. Zott, P.C. (admitted *pro hac vice*)
Jeffrey J. Zeiger, P.C. (admitted *pro hac vice*)
William E. Arnault (admitted *pro hac vice*)
Anne I. Salomon (admitted *pro hac vice*)
Jason A. Feld (admitted *pro hac vice*)
300 N. LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
dzott@kirkland.com
jzeiger@kirkland.com
warnault@kirkland.com
anne.salomon@kirkland.com
jason.feld@kirkland.com

*Co-Counsel for Paragon Litigation Trust*